OPINION
Brenda Jeffries appeals from a judgment of the Dayton Municipal Court dismissing her complaint against Grismer Tire Company.
Jeffries approached the management of a Grismer Tire store in Kettering and asked to place a gumball machine on the premises. The management consented, and the arrangement allowed Jeffries to keep the money collected from the machine, with no benefit going to the store.
Jeffries returned at a later date to service the gumball machine and discovered that the machine was missing. On February 27, 2001, Jeffries filed a complaint in the Kettering Municipal Court against John Marshall, a co-owner of Grismer Tire and the Vice President of the company. The court conducted a trial on Jeffries' claim on May 29, 2001. The court ruled in favor of Marshall, finding that Marshall did not breach his duty of care as a gratuitous bailor.
On May 31, 2001, Jeffries filed a complaint in the Dayton Municipal Court against Grismer Tire Co. Marshall informed the court of the previous decision in the Kettering Municipal Court. On July 19, 2001, the trial court adopted the magistrate's order dismissing Jeffries' complaint, which held that because Jeffries' claim for relief had been adjudicated in the prior Kettering Municipal Court proceeding it was barred by the doctrine of res judicata in the subsequent action.
Jeffries filed timely notice of appeal. Her brief does not set out an assignment of error. Therefore, we will construe the error she assigns to be that the trial court erred when it dismissed her complaint.
Civ.R. 53(E)(4)(a) states that a magistrate's decision may be adopted by the court if no written objections are filed, unless the court determines that there is an error of law or other defect from the face of the magistrate's decision. Paragraph (C) of the Civ.R. 53(E) provides that the court may adopt the magistrate's decision when it is filed, pending any objections that a party files thereafter.
A party must file written objections within fourteen days of the magistrate's decision. Civ.R. 53(D)(3)(a). "A party shall not assign as error on appeal the court's adoption of a finding of fact or conclusion of law unless the party has objected to that conclusion or finding under this rule." Civ.R. 53(D)(3)(b). "The bar applies to both decisions entered pursuant to Civ.R. 53(E)(1) and not yet adopted by the court and to those which the court has adopted and entered per Civ.R. 53(E)(4)(c)." Hulcher v. Hulcher (May 5, 2000), Montgomery App. No. 17956, unreported, at p. 5.
While the magistrate's decision was immediately adopted by the trial court, within the same document, Jeffries yet had fourteen days thereafter to file objections. She filed no objections. Therefore, she is barred from arguing that the trial court erred when it adopted the magistrate's decision and dismissed her complaint.
The assignment of error is overruled.
 Conclusion
Having overruled the assignment of error presented, we will affirm the judgment from which this appeal was taken.
WOLFF, P.J. and BRYANT, J., concur.
Honorable Thomas F. Bryant, Court of Appeals, Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.